CAMPBELL, Acting Chief Judge.
Appellant, Maxie Smith, challenges his convictions and sentences for burglary of a dwelling, battery on a law enforcement officer, and obstructing an officer with violence. In support of his challenge, appellant raises two issues: (1) whether the trial court erred in failing to sustain appellant’s objection to a peremptory juror strike; and (2) whether the trial court erred in failing to grant a mistrial or give a curative instruction following the prosecutor’s improper remarks. We find no reversible error with either issue raised and affirm.
During jury selection, appellant objected to the State’s peremptory strike of a juror of Hispanic descent and asked for a race-neutral reason. In his response, the assistant state attorney adequately demonstrated his reasonable belief that the prospective juror’s answers to voir dire questions demonstrated a bias that appeared to be favorable to appellant.
Appellant also moved for a mistrial in regard to the assistant state attorney’s closing argument remarks that were clearly directed at improperly bolstering the credibility of a police officer. While we agree that the remarks were improper, we conclude that the remarks were harmless in face of the overwhelming evidence of appellant’s guilt. We take this opportunity to again admonish counsel, not only in criminal cases, but in civil cases as well, that our study of trial records repeatedly reveals the improper behavior of trial counsel that is harmful to the integrity of our judicial system. While we continue to apply the harmless error rule, counsel should not use that rule as a shield for behavior that counsel should know is clearly improper. The legal profession was once viewed as a noble calling. If that nobility has been tarnished, we as a pro *1187 fession must first blame ourselves. While the profession requires dedication to clients and a high standard of advocacy, it should never countenance a “win at any cost” attitude among members of the Bar.
Affirrrip^
FULMER and STRINGER, JJ., Concur.